24-1441
*Medina-Sarango v. Bondi*

BIA
Reid, IJ
A220 636 128/129

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-five.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

NUSTA ROCIO MEDINA-SARANGO,
NASLY CAMILA MEDINA-MEDINA,
> *Petitioners,*

v.                                                                          **24-1441**
                                                                            **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:    Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:    Brett A. Shumate, Acting Assistant Attorney General; Ilana J. Snyder, Senior Litigation Counsel; Linda Y. Cheng, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Nusta Rocio Medina-Sarango and her minor daughter, natives and citizens of Ecuador, seek review of an April 29, 2024 decision of the BIA affirming a September 28, 2022 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Medina-Sarango*, Nos. A 220 636 128/129 (B.I.A. Apr. 29, 2024), *aff'g* Nos. A 220 636 128/129 (Immigr. Ct. N.Y.C. Sep. 28, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision "as supplemented by the BIA." *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence,

and we review questions of law and the application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To qualify for asylum, an applicant must show that she "is unable or unwilling to return to [her] home country" because of "persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Pinel-Gomez v. Garland*, 52 F.4th 523, 528 (2d Cir. 2022) (quoting 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i)). To establish a "well-founded fear," an applicant must demonstrate "a subjective fear of future persecution that is objectively reasonable." *Liang v. Garland*, 10 F.4th 106, 112 (2d Cir. 2021). Where an applicant has established past-persecution, "a well-founded fear of future persecution is presumed, and it becomes the government's burden to rebut that presumption." *Id*. The applicant must also show that such harm is perpetrated by the government or by private actors that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015).

To qualify for withholding of removal, an applicant must show a "clear probability of persecution," *i.e.* that "it is more likely than not that the alien would

be subject to persecution." *Pinel-Gomez*, 52 F.4th at 528. Because the "clear probability" standard for statutory withholding of removal is more demanding than the "well-founded fear" standard for asylum, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding of removal. *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018).

An applicant can establish a well-founded fear or likelihood of future persecution by showing either (1) a reasonable possibility that she would be "singled out individually for persecution" or (2) a "pattern or practice" of persecution of a group of "persons similarly situated" to the applicant. 8 C.F.R. § 1208.13(b)(2)(iii); *see also id.* § 1208.16(b)(2); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). An applicant's testimony alone "may be sufficient" to satisfy her burden, "but only if . . . the testimony is credible, persuasive, and refers to specific facts sufficient" to establish that she is entitled to relief. 8 U.S.C. § 1158(b)(1)(B)(ii). "Unlike asylum and withholding of removal, CAT relief does not require a nexus to a protected ground." *Hong Fei Gao*, 891 F.3d at 76. However, an applicant seeking CAT relief must demonstrate that it is "more likely than not," 8 C.F.R. § 1208.16(c)(2), that she will be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity," *id* § 1208.18(a)(1).

4

Here, both Petitioners' applications were premised on Medina-Sarango's allegations of past abuse by a former co-worker, and the IJ found those allegations not credible. While the IJ acknowledged that Medina-Sarango and her daughter were indigenous, the IJ found them to be ineligible for asylum on that basis because Petitioners did not establish that they would be singled out for abuse on the basis of their indigenous identity (because Medina-Sarango's testimony about their specific circumstances was not credible) and because they failed to show that there was a pattern or practice of persecution of indigenous people in Ecuador. The IJ concluded that these findings were also dispositive of withholding of removal and CAT relief. The BIA adopted that reasoning, and added that Petitioners' brief on appeal waived review of the adverse credibility determination and the finding that the determination related to all relief sought.

The arguments in Petitioners' brief do not address these grounds for the agency's decisions: Petitioners do not mention or challenge the adverse credibility determination, the pattern or practice finding, or the BIA's waiver finding. These issues have thus been abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). And

5

that abandonment is dispositive of all relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (an applicant who fails to establish a well-founded fear of harm rising to the level of persecution for asylum "necessarily" fails to meet the higher burdens for withholding of removal and CAT relief). Accordingly, the petition is denied because the abandoned grounds are dispositive of all claims.

Beyond the abandonment of dispositive issues, there are defects in the briefing by Petitioners' counsel, Michael Borja. The brief incorrectly asserts that the IJ denied withholding of removal because he found "that Petitioners [had] abandoned their asylum application by not timely providing all evidence."[1] Pet'rs. Br. at 8. As to Petitioners' CAT claim, the brief argues—without acknowledging that the IJ did not credit Petitioners' account of past events—that Petitioners satisfied their burden for the government action element of a CAT claim with unspecified evidence that the Ecuadorian government exacerbated their problems. And in describing that burden, the brief asserts that Petitioners did not have to show that the Ecuadorian government condoned or acquiesced to their harm by a private actor, despite the CAT regulation's express requirement that harm be "by, or at the instigation of, or with the consent or acquiescence of, a

---

[1] Contrary to what is suggested in Mr. Borja's brief, the IJ accepted all proffered evidence (including evidence that was untimely), and did not find that any of Petitioners' claims were abandoned. *See* CAR at 82–84.

public official acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). We note that the same misstatements of the record and the law have been advanced in other briefs filed by Mr. Borja.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED. A copy of this order will be forwarded to the Grievance Panel.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7